IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JACKIE GOFORTH | § | |
| v. | § | CIVIL ACTION NO. 6:14cv591 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Report and Recommendation of the United States Magistrate Judge, which contains findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The report recommends that the social security complaint be dismissed with prejudice. In his objections, Plaintiff contends that "the magistrate judge finds that the Plaintiff's claim that the ALJ failed to fulfill his duty to develop the record is without merit but fails to reconcile the directions to the ALJ in the Appeals Council order remanding the case."

Plaintiff argues that the order of remand from the Appeals Council contained specific directions through a list of bullet points of several steps the ALJ "will take." According to Plaintiff, the magistrate judge determined that the record contained sufficient evidence for the ALJ to make an informed decision without taking any of the other steps listed, but the "pivotal evidence" was a residual functional capacity questionnaire completed by a physician's assistant at a clinic where Plaintiff had received treatment for several years. The magistrate judge affirmed the ALJ's decision to give this questionnaire no weight because it was not from an acceptable medical source and not substantiated by the record, but Plaintiff states this is the same record that the ALJ was directed to expand. The magistrate judge also cited one-page assessments by non-examining physicians which also relied on this same incomplete record.

1

Plaintiff further contends that he submitted function reports alleging the limitations in his daily activity and testified to these limitations. He states that "Plaintiff seeks an RFC from the doctor at his treating clinic, who refers him to the physician's assistant to complete the paperwork which indicates limitations that tend to prove his inability to engage in substantial gainful activity, but the RFC is given no weight. The Plaintiff did all he could within his abilities to meet that burden." He again complains that the ALJ failed to develop the record according to the Commissioner's regulations and the remand order and the magistrate judge's report fails to address the discrepancy between the ALJ's actions or inactions and the Appeals Council's order to further develop the record.

The remand order directed that the ALJ will: (1) obtain updated medical records; (2) obtain additional evidence concerning Plaintiff's impairments, including, if warranted and available, a consultative cardiology and medical source statements about what the claimant can do despite the impairment, and every effort should be made to obtain any evidence about the claimant's cardiovascular problems and alleged stroke; (3) further, if necessary, obtain evidence from a medical expert, preferably a cardiologist, to clarify the nature and severity of the claimant's impairment; and (4) if warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.

The remand order from the Appeals Council refers to "new and material evidence" submitted by "Dr. Ryan Hodger [sic]," and thus appears to have been predicated at least in part on the erroneous belief that Hodges was a physician rather than a physician's assistant. The ALJ received and reviewed a number of medical records dated after the original decision on November 3, 2010, including records of examinations in June of 2011, progress notes from September of 2011, and examinations in February and June of 2012.

The remand from the Appeals Council did not instruct the ALJ to order a consultative exam or obtain evidence from a cardiologist unless such action was warranted by the record. A consultative examination is not necessary where the evidence in the record supports a conclusion that

the claimant is not disabled. Pierre v. Sullivan, 884 F.2d 799, 802 (5th Cir. 1989). The decision to obtain a consultative examination is discretionary with the ALJ and such an exam must be ordered only when necessary to develop a full and fair record. Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir.1989); Jones v. Bowen, 829 F.2d 524, 526 (5th Cir. 1987). In determining whether the ALJ fully and fairly developed the record, the question is whether the record contains sufficient evidence to make an informed decision. So long as such evidence exists, the ALJ need not have supplemented the record with additional evidence. Hernandez v. Astrue, 269 F.App'x 511, 515 (5th Cir.2008); Anderson, 887 F.2d at 634.

Furthermore, reversal for failure to develop the record is appropriate only where the claimant shows prejudice. Ripley v. Chater, 67 F.3d 552, 557 (5th Cir. 1995). To establish prejudice, a claimant must demonstrate that he could and would have adduced evidence that might have altered the result. Carey v. Apfel, 230 F.3d 131, 142 (5th Cir. 2000).

The magistrate judge correctly determined that the ALJ complied with the Appeals Council's remand order to develop the record. Plaintiff has not shown that the additional steps he believes should have been taken were necessary in light of the expanded record, nor has he shown prejudice as a result of the ALJ's failure to do so. While it is true that Plaintiff furnished function reports and testimony concerning his alleged limitations, the ALJ found that this evidence was not entirely credible. This determination is supported by substantial evidence and is thus entitled to judicial deference. Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990). Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 14) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any motion not previously ruled on is **DENIED**.

**SIGNED this 8th day of March, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE